# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE |
| v. | ) | NO. 1:07-CV-0089-JOF |
| | ) | |
| STAFFORD TRACTOR COMPANY | ) | |
| AND STAFFORD DEVELOPMENT | ) | JURY TRIAL DEMANDED |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS THAT CREATE A GENUINE ISSUE FOR TRIAL

COME NOW, RELIABLE TRACTOR, INC. d/b/a STAFFORD (formerly STAFFORD TRACTOR COMPANY) and STAFFORD DEVELOPMENT COMPANY, Defendants in the above-captioned action (collectively, "Defendants" or "Stafford" or "Company," unless referred to individually), and pursuant to Fed. R. Civ. P. 56 and LR 56.1(B)(3), NDGa., hereby submits this its Reply to Plaintiff's Statement of Material Facts That (Allegedly) Create A Genuine Issue For Trial. Defendants respond to each of Plaintiff's enumerated paragraphs as follows:

1.

Defendants concede that Plaintiff has been in the heavy equipment business for over 40 years. Defendants object to Plaintiff's allegations that he has managed

"many businesses." This allegation is not supported by the evidence in the case. See LR 56.1(B)(3)(b), NDGa.

2.

Defendants object to the admissibility of the allegations contained in Paragraph 2 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa.

3.

Defendants object to the allegations contained in Paragraph 3 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa.

4.

Defendants object to the allegations contained in Paragraph 4 as immaterial. See LR 56.1(B)(3)(c), NDGa.

5.

Defendants object to the admissibility of the allegations contained in Paragraph 5 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. The parties agreed to the clear and unambiguous terms of the Compensation Plan, which speaks for itself.

6.

Defendants object to the admissibility of the allegations contained in Paragraph 6 as inadmissible hearsay and barred by the parole evidence rule. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in

Paragraph 6 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations contained in Paragraph 6 as immaterial. See LR 56.1(B)(3)(c), NDGa.

7.

Defendants object to the admissibility of the allegations contained in Paragraph 7 as inadmissible hearsay and barred by the parole evidence rule. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 7 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations contained in Paragraph 7 as immaterial. See LR 56.1(B)(3)(c), NDGa.

8.

Defendants object to the allegations contained in Paragraph 8 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa.

9.

Defendants object to the allegations contained in Paragraph 9 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations contained in Paragraph 9 as immaterial. See LR 56.1(B)(3)(c), NDGa.

10.

Defendants object to the allegations contained in Paragraph 10 as not

supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations contained in Paragraph 10 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

11.

Defendants object to the admissibility of the allegations contained in Paragraph 11 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 11 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations contained in Paragraph 11 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

12.

Defendants object to the admissibility of the allegations contained in Paragraph 12 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 12 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations contained in Paragraph 12 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

13.

Defendants object to the admissibility of the allegations contained in Paragraph 13 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants

object to the allegations contained in Paragraph 13 as not supported by the evidence in this case. <u>See</u> LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations contained in Paragraph 13 as immaterial. <u>See</u> LR 56.1(B)(3)(c), NDGa.

14.

Defendants object to the admissibility of the allegations contained in Paragraph 14 as inadmissible hearsay. <u>See</u> LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 14 as not supported by the evidence in this case. <u>See</u> LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations contained in Paragraph 14 as immaterial. <u>See</u> LR 56.1(B)(3)(c), NDGa.

15.

Defendants object to the admissibility of the allegations contained in Paragraph 15 as inadmissible hearsay. <u>See</u> LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 15 as not supported by the evidence in this case. <u>See</u> LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 15 as immaterial. <u>See</u> LR 56.1(B)(3)(c), NDGa.

16.

Defendants object to the admissibility of the allegations contained in Paragraph 16 as inadmissible hearsay. <u>See</u> LR 56.1(B)(3)(a), NDGa. Defendants

object to the allegations contained in Paragraph 16 as not supported by the evidence in this case.  <u>See</u> LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 16 as immaterial.  <u>See</u> LR 56.1(B)(3)(c), NDGa.

17.

Defendants object to the admissibility of the allegations contained in Paragraph 17 as inadmissible hearsay.  <u>See</u> LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 17 as not supported by the evidence in this case.  <u>See</u> LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 17 as immaterial.  <u>See</u> LR 56.1(B)(3)(c), NDGa.

18.

Defendants object to the allegations contained in Paragraph 18 as not supported by the evidence in this case.  <u>See</u> LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 18 as immaterial.  <u>See</u> LR 56.1(B)(3)(c), NDGa.

19.

Defendants object to the allegations contained in Paragraph 19 as not supported by the evidence in this case.  <u>See</u> LR 56.1(B)(3)(b), NDGa.

20.

Defendants object to the admissibility of the allegations contained in Paragraph 20 as inadmissible hearsay.  <u>See</u> LR 56.1(B)(3)(a), NDGa.  Defendants

object to the allegations contained in Paragraph 20 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 20 as immaterial. See LR 56.1(B)(3)(c), NDGa.

21.

Defendants object to the admissibility of the allegations contained in Paragraph 21 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 21 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 21 as immaterial. See LR 56.1(B)(3)(c), NDGa.

22.

Defendants object to the allegations contained in Paragraph 22 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 22 as immaterial. See LR 56.1(B)(3)(c), NDGa.

23.

Defendants object to the admissibility of the allegations contained in Paragraph 23 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 23 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 23 as immaterial. See LR 56.1(B)(3)(c), NDGa.

24.

Defendants object to the allegations contained in Paragraph 24 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 24 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

25.

Defendants object to the allegations contained in Paragraph 25 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 25 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

26.

Defendants object to the allegations contained in Paragraph 26 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 26 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

27.

Defendants object to the allegations contained in Paragraph 27 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 27 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

28.

Defendants object to the allegations contained in Paragraph 28 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.

29.

Defendants object to the admissibility of the allegations contained in Paragraph 29 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 29 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 29 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

30.

Defendants object to the admissibility of the allegations contained in Paragraph 30 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 30 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to the allegations in Paragraph 30 as immaterial.  See LR 56.1(B)(3)(c), NDGa.

31.

Defendants object to the admissibility of the allegations contained in Paragraph 31 as inadmissible hearsay.  See LR 56.1(B)(3)(a), NDGa.  Defendants object to the allegations contained in Paragraph 31 as not supported by the evidence in this case.  See LR 56.1(B)(3)(b), NDGa.  Defendants further object to

the allegations in Paragraph 31 as immaterial. See LR 56.1(B)(3)(c), NDGa.

32.

Defendants object to the allegations contained in Paragraph 32 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa.

33.

Defendants object to the allegations contained in Paragraph 33 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa.

34.

Defendants concede that John Wall is unaware of any writings, memoranda, counseling notices, or notices of conversations regarding Plaintiff's performance deficiencies.

35.

Defendants concede that Plaintiff was let go from the Company on or about March 14, 2006. Defendants deny that the decision to terminate Plaintiff was made in February 2006. This allegation in not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa.

36.

Defendants object to the allegations contained in Paragraph 36 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 36 as immaterial. See LR

56.1(B)(3)(c), NDGa.

37.

Defendants concede that it sent Plaintiff a Separation Notice dated March 17, 2006. Defendants concede that the Separation Notice indicate Plaintiff was terminated for "job performance.

38.

Defendants object to the allegations contained in Paragraph 38 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 38 as immaterial. See LR 56.1(B)(3)(c), NDGa.

39.

Defendants object to the allegations contained in Paragraph 39 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 39 as immaterial. See LR 56.1(B)(3)(c), NDGa.

40.

Defendants object to the allegations contained in Paragraph 40 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 40 as immaterial. See LR 56.1(B)(3)(c), NDGa.

41.

Defendants concede that Billy Brice Jr.'s Application for Employment dated March 9, 2006 shows only outside sales experience.

42.

Defendants object to the admissibility of the allegations contained in Paragraph 42 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 42 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 42 as immaterial. See LR 56.1(B)(3)(c), NDGa.

43.

Defendants object to the allegations contained in Paragraph 43 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 43 as immaterial. See LR 56.1(B)(3)(c), NDGa.

44.

Defendants object to the allegations contained in Paragraph 44 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 44 as immaterial. See LR 56.1(B)(3)(c), NDGa.

45.

Defendants object to the allegations contained in Paragraph 45 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 45 as immaterial. See LR 56.1(B)(3)(c), NDGa.

46.

Defendants object to the admissibility of the allegations contained in Paragraph 46 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 46 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 46 as immaterial. See LR 56.1(B)(3)(c), NDGa.

47.

Defendants object to the admissibility of the allegations contained in Paragraph 47 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants object to the allegations contained in Paragraph 47 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 47 as immaterial. See LR 56.1(B)(3)(c), NDGa.

48.

Defendants object to the admissibility of the allegations contained in Paragraph 48 as inadmissible hearsay. See LR 56.1(B)(3)(a), NDGa. Defendants

object to the allegations contained in Paragraph 48 as not supported by the evidence in this case. See LR 56.1(B)(3)(b), NDGa. Defendants further object to the allegations in Paragraph 48 as immaterial. See LR 56.1(B)(3)(c), NDGa.

Respectfully submitted this 11th day of July, 2008.

                                      HAWKINS & PARNELL, LLP

                                      /s/ RONALD G. POLLY, JR.
                                      Ronald G. Polly, Jr.
                                      Georgia Bar No. 583264
                                      rpolly@hplegal.com

4000 SunTrust Plaza
303 Peachtree Street, N.E.
Atlanta, Georgia 30308-3243
Telephone: (404) 614-7400
Facsimile: (404) 614-7500              *Counsel for Defendants*
                                                                           *Stafford Tractor Co. and*
                                                                          *Stafford Development Co.*

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| RICHARD KELLY, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| v. ) | NO. 1:07-CV-0089-JOF |
| ) | |
| STAFFORD TRACTOR COMPANY ) | |
| AND STAFFORD DEVELOPMENT ) | JURY TRIAL DEMANDED |
| COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## CERTIFICATE OF SERVICE

This is to hereby certify that I have this day electronically filed **DEFENDANTS' REPLY TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS THAT CREATE A GENUINE ISSUE FOR TRIAL** with the clerk of the court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

Robert C.D. McDonald
Robert C.D. McDonald, P.C.
6045 Atlantic Boulevard
Norcross, Georgia 30071

This 11th day of July, 2008.

/s/ RONALD G. POLLY, JR.
Ronald G. Polly, Jr.
Georgia Bar No. 583264
rpolly@hplegal.com

10399610v.1